IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSEPH BROCK, JR.                                                    PLAINTIFF

vs.                                    Civil No. 2:13-cv-02006

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Joseph Brock, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for a

period of disability, Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI")

under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate

judge to conduct any and all proceedings in this case, including conducting the trial, ordering the

entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 13.[1]  Pursuant

to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment

in this matter.

1.    __Background:__

Plaintiff protectively filed his disability applications on April 7, 2011.  (Tr. 13, 104-114).

Plaintiff alleges being disabled due to shoulder pain.  (Tr. 149).  Plaintiff alleges an onset date of

June 1, 2010.  (Tr. 13, 104).  These applications were denied initially and again upon

reconsideration.  (Tr. 44-47).  Thereafter, Plaintiff requested an administrative hearing on his

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____"  The transcript pages
for this case are referenced by the designation "Tr."

1

applications, and this hearing request was granted.  (Tr. 62-85).

On December 20, 2011, this administrative hearing was held in Fort Smith, Arkansas.  (Tr. 25-43).  Plaintiff was present at this hearing and was represented by Fred Caddell.  *Id.*  Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing.  *Id.*  After this hearing, on January 20, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 10-20).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2012.  (Tr. 15, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2010, his alleged onset date.  (Tr. 15, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: bilateral rotator cuff disease, osteoarthritis of the right wrist, and essential hypertension.  (Tr. 15, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 15-16, Finding 4).  The ALJ determined Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI).  (Tr. 18, Finding 7).  The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English.  (Tr. 19, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 16-18, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the following RFC:

After careful consideration of the entire record, the undersigned finds that the

2

claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is able to occasionally reach overhead bilaterally and frequently grasp and handle with the right hand.

*Id.* "Light work" is defined as follows:

(b) Light work.  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (2012); 20 C.F.R. § 416.967(b) (2010).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW.  (Tr. 18, Finding 6).  The ALJ then considered whether Plaintiff would be able to perform other work existing in significant numbers in the national economy.  (Tr. 19, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Considering a hypothetical individual with Plaintiff's RFC, age, work experience, and other limitations, the VE testified Plaintiff could perform the requirements of representative light, unskilled occupations such as (1) retail sales attendant with 165,000 jobs in the nation and 1,500 jobs in the state; (2) courier with 30,000 such jobs in the nation and 200 jobs in the state; and (3) food prep worker with 100,000 such jobs in the nation and 700 such jobs in the state.  *Id.*

Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 19, Finding 10). Accordingly, he had not been under a disability as defined in the Act from June 1, 2010 through the date of the ALJ's decision or through January 20, 2012.  (Tr. 20, Finding 11).

Thereafter, on January 30, 2012, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). On December 18, 2012, the Appeals Council denied this request for review. (Tr. 1-3). On January 9, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 4, 2013. ECF No. 13. Both Parties have filed appeal briefs. ECF Nos. 15, 17. This case is now ready for decision.

**2.    <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 15 at 4-8. Specifically, with regard to the ALJ's RFC determination, Plaintiff claims the following: (1) the ALJ's RFC determination is not supported by any medical evidence regarding his "ability to function in the workplace"; and (2) the ALJ's

credibility determination was improper. *Id.* The Court will address both of these arguments.

First, Plaintiff claims the ALJ's RFC determination is not supported by any medical evidence regarding his ability to function in the workplace. ECF No. 15 at 4-5. Plaintiff is incorrect in this claim. In his opinion, the ALJ outlined the findings of the consulting physician Dr. Michael Westbrook, M.D. who found Plaintiff had "no range of motion limitations and normal grip." (Tr. 18). Dr. Westbrook also found Plaintiff "had not undergone any type of back or neck surgery," and Plaintiff's "[x]-rays showed a normal right shoulder and surgical changes in the left shoulder." *Id.* The ALJ then noted Dr. Westbrook provided "no opinion in regard to the claimant's [Plaintiff's] limitations for work." *Id.* However, the record also contains the medical records from Plaintiff's treating physicians and an RFC assessment completed by the physicians employed by the State Disability Determination Services. (Tr. 16-18, 228-235). These records also support the ALJ's RFC assessment. Accordingly, the Court cannot find the ALJ did not provide *any* medical evidence supporting his conclusions regarding Plaintiff's work limitations. *See, e.g., Slavicek v. Colvin,* 527 F. App'x 590 (8th Cir. Aug. 23, 2013) (recognizing that an RFC determination need only be supported by "some medical evidence").

Second, Plaintiff claims the ALJ erred in assessing his subjective complaints. ECF No. 15 at 6-7. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ complied with *Polaski*. (Tr. 16-18). In his opinion, the ALJ recognized *Polaski* and the factors he was required to consider. (Tr. 18). The ALJ then noted Plaintiff's claims were not entirely credible because there was a "lack of evidence of medical

treatment from 1990s through 2011." *Id.*  The ALJ also noted that although Plaintiff claimed this failure to seek treatment was excused because he could not afford that treatment, Plaintiff was able to purchase and smoke "two packs of cigarettes a day" and work "odd jobs to purchase alcohol." *Id.*  As noted by the ALJ, that money could have been used to purchase medication.  *Id.*  Further, the ALJ noted that even when he was prescribed medication, Plaintiff was "not compliant in taking" his prescribed medication, including his blood pressure medication.  (Tr. 17).  This evidence also reflects negatively on Plaintiff's credibility.  *Id.*

Taking these facts into consideration, the Court does note Plaintiff is correct that the ALJ did not methodically discuss each *Polaski* factor.  While this is the preferred practice, the ALJ is not required to discuss each factor.  *See, e.g., Goff v. Barnhart,* 421 F.3d 785, 791-92 (8th Cir. 2005) (recognizing the ALJ need not discuss each *Polaski* factor).  Accordingly, even though he did not analyze each factor, because the ALJ acknowledged the *Polaski* factors prior to discounting Plaintiff's subjective complaints and provided valid reasons for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue.  *See, e.g., McCoy v. Astrue,* 648 F.3d 605, 614 (8th Cir. 2011) (if the ALJ explicitly discredits the claimant and gives "good reasons" for doing so, the court normally defers to the ALJ's credibility determination).

4.    **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE